UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

------------------------------------------------------------------------x
KRISTIN DOUGLAS, :
:
   (Charles County, Maryland) : Civil Action No. _____
:
                                 Plaintiff, : **COMPLAINT**
: **(Jury Trial Demanded)**
  -against- :
:
RYON WEGNER, :
:
   25942 Racing Sun Drive :
   (Loudoun County) :
   Aldie, VA 20105-5864 :
:
                                 Defendant. :
------------------------------------------------------------------------x

Plaintiff Kristin Douglas, by and through her attorneys, Alexander J. Coffin and the Law Office of Alex Coffin, LLC, for her Complaint against Defendant Ryon Wegner does allege and aver as follows:

## THE PARTIES

1. Plaintiff Kristin Douglas ("Plaintiff") is an individual, a resident, and domiciliary of Charles County, State of Maryland.

2. Defendant Ryon Wegner ("Defendant") is an individual, a resident, and domiciliary of Loudoun County, State of Virginia, residing at 25942 Racing Sun Drive, Aldie, Virginia 20105.

## JURISDICTION AND VENUE

3. The Court has subject-matter jurisdiction over this action based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. For

the purposes of jurisdiction, the Defendant is deemed to be a citizen of Virginia.

4. Venue is proper in the United States District Court for the District of Maryland under 28 U.S.C. §§ 1391(b)(1); 1391(b)(2); and 1391(d) as to all the actions against the Defendant because Maryland is the judicial district where the Plaintiff resides and where a substantial part of the events giving rise to the Plaintiff's claims occurred.

## NATURE OF THIS ACTION

5. Plaintiff has sued the Defendant for assault, battery, and intentional infliction of emotional distress, and negligence, stemming from an incident during which Defendant, unprovoked and in an intoxicated state, attacked and battered the Plaintiff. Plaintiff seeks compensatory and exemplary damages against the Defendant.

## FACTUAL ALLEGATIONS

6. As of January, 2020, Defendant and Plaintiff had been in a romantic relationship as boyfriend and girlfriend for a period of approximately ten years, the last five years of which, they had shared the same Charles County, Maryland residence located at 10115 Newport Church Road, Charlotte Hall, Maryland 20622 (the "Residence").

7. On the evening of January 8, 2020, Defendant was away from the Residence during which time he apparently consumed copious amounts of alcoholic beverages and illicit drugs. Meanwhile, Plaintiff was alone in the Residence and at some point, retired to the bedroom to sleep.

8. In the early morning hours of January 9, 2020, the Defendant arrived back at the Residence in a visibly intoxicated state.

9. Defendant noisily entered the bedroom where Plaintiff was sleeping and turned on the

television with its volume blaring.

10. When Plaintiff asked him to watch television in the living room, he refused. Because of Plaintiff's request, an argument ensued prompting Plaintiff to remove herself from the bedroom to diffuse the situation and avoid further argument with the Defendant.

11. Upon leaving the bedroom, Plaintiff moved to the living room and sat on a mattress. Defendant stormed into the living room, and in a threatening manner that placed Plaintiff in fear for her well-being, snatched the mattress and flung it and Plaintiff into the air.

12. Plaintiff landed head-first on a thick, solid, wooden chair, striking her skull thereon and causing injury to her face and head.

13. Plaintiff immediately called the police while simultaneously recording Defendant's voice on her phone. Defendant then snatched the phone from her hand and started a new recording. In this recording, Defendant stated, "I got pissed, and I flipped the bed." and "What the heck, the cops can come."

14. In response to Plaintiff's telephone call, the police shortly arrived at the Residence and arrested Defendant. The Charles County States Attorney charged Defendant with Second Degree Criminal Assault under CR.3.203.

15. During the evening of January 8, 2020 and continuing through the morning of January 9, 2020, Plaintiff had neither consumed nor ingested any drugs, alcohol, or other intoxicants.

16. Plaintiff is now under the regular care of a licensed psychotherapist. Since the attack Plaintiff has experienced insomnia, fitful sleep, and unexplained changes in her weight. Before the incident described in this Complaint, Plaintiff would regularly socialize with friends and family, and she now finds herself trying to avoid social interaction.

17. As a result of the attack perpetrated by Defendant, Plaintiff has a severe and traumatic

head injury, for which she has had to undergo medical treatment.

## COUNT ONE
### (Assault)

18. The allegations of paragraphs 1 through 17 are incorporated herein by reference.

19. Defendant maliciously assaulted Plaintiff by screaming at her, charging at her, placing her in then-present fear for her own safety, and flipping the mattress where she lay.

20. At the time he committed the assault, Defendant had the then present ability to carry out acts that would cause harm to Plaintiff, threatening Plaintiff and placing her in reasonable fear and apprehension of bodily injury.

21. Plaintiff reasonably believed that she was about to be harmed by Defendant.

22. Plaintiff was injured by Defendant's malicious assault in an amount to be proven at trial. Plaintiff seeks actual and punitive damages against Defendant for the malicious assault on her person as determined and awarded by a jury.

## COUNT TWO
### (Battery)

23. The allegations of paragraphs 1 through 22 are incorporated herein by reference.

24. Defendant maliciously attacked Plaintiff by flipping the mattress where she lay, knocking Plaintiff's head into a thick, solid, wood chair causing a traumatic head injury.

25. Defendant maliciously, intentionally, and non-consensually, caused a harmful or offensive touching of Plaintiff's person that constituted a battery.

26. Plaintiff was injured by Defendant's malicious battery in an amount to be proven at trial. Plaintiff seeks actual and punitive damages against Defendant for the malicious battery on her person as determined and awarded by a jury.

## COUNT THREE
### (Intentional Infliction of Emotional Distress)

27. The allegations of paragraphs 1 through 26 are incorporated herein by reference.

28. Defendant's actions and acts to inflict mental cruelty on Plaintiff by voicing taunts, and wrongfully terrorizing Plaintiff by assaulting and battering her, constituted an intentional infliction of emotional distress. Such extreme conduct was beyond all decency, atrocious and utterly intolerable in a civilized society and is beyond that which any person should be expected to endure.

29. Defendant's outrageous conduct caused and continues to cause Plaintiff severe emotional distress. Because of Defendant's intolerable, wrongful, and outrageous conduct, Plaintiff has been permanently and severely emotionally and psychologically injured. Plaintiff is under the regular care of a licensed psychotherapist. Since the attack Plaintiff has experienced regular, sudden, and uncontrollable episodes of emotional upset, anxiety, paranoia, sadness, and fear. Plaintiff has been intimidated, abused, humiliated, and offended by Defendant's actions. Plaintiff experiences insomnia, fitful sleep, and unexplained changes in her weight. Plaintiff experiences continued social anxiety and has withdrawn from her normal social interaction.

30. Plaintiff has been damaged and has suffered severe and debilitating emotional injuries and an actual compensable loss to be proved at trial caused by Defendant's outrageous and intolerable conduct. Plaintiff seeks punitive damages for Defendant's knowingly malicious actions, and intentional, outrageous, and intolerable conduct as determined and awarded by a jury.

## COUNT FOUR
### (Negligence)

31. The allegations of paragraphs 1 through 30 are incorporated herein by reference.

32. Defendant had a duty to not inflict bodily harm upon Plaintiff.

33. Defendant breached this duty by throwing Plaintiff off of the mattress, assaulting and battering her. Defendant acted recklessly and with a wanton disregard for Plaintiff's safety.

34. Plaintiff did not assume the risk of injury suffered by her due to Defendant and his negligence.

35. As a direct and proximate result of the negligent actions and breaches of the applicable duties and standards of care by Defendant. Plaintiff suffered emotional injuries, physical injuries, conscious pain and suffering, and other damages.

36. Defendant knew or should have known about the dangerous condition caused by throwing a mattress with Plaintiff lying on it.

37. Plaintiff's injury would not have occurred but for Defendant's actions.

38. Defendant's torts perpetrated on Plaintiff in violation of Maryland law, caused traumatic injury to Plaintiff. Plaintiff has physical pain, emotional pain, suffering, inconvenience, embarrassment, and mental anguish. Plaintiff has been damaged by Defendant's negligence in an amount to be proved at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter a judgment awarding the following:

As against the Defendant, monetary damages in the amount of $750,000 or as determined by a jury plus interest to the date of judgment.

As against all Defendant, punitive damages for malicious assault, battery, and intentional infliction of emotional distress, $250,000 or as determined by a jury plus interest to the date of

6

judgment.

Such other relief as this Court may deem just and proper.

                                           /s/ Alexander J. Coffin
                                           Alexander J. Coffin (Bar No. 21680)

                                           Law Office of Alex Coffin, LLC
                                           13862 Kimberly Drive
                                           Largo, FL 33774
                                           Phone: 410-216-3339
                                           Email: alex.COFFINLAW@gmail.com

                                           *Attorney for Plaintiff*

October 6, 2022

## **JURY DEMAND**

Plaintiff demands a trial by jury on all triable issues of fact.

                                           /s/ Alexander J. Coffin
                                           Alexander J. Coffin (Bar No. 21680)

                                           Law Office of Alex Coffin, LLC
                                           13862 Kimberly Drive
                                           Largo, FL 33774
                                           Phone: 410-216-3339
                                           Email: alex.COFFINLAW@gmail.com

                                           *Attorney for Plaintiff*

October 6, 2022