UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

```
------------------------------------------------------------------- x
                                                       :
KRISTIN DOUGLAS,                                       :
                                                       :
                              Plaintiff,               :    Case No.: 8:22-cv-02560-TJS
                                                       :
        -v.-                                            :
                                                       :
RYON WEGNER,                                           :
                                                       :
                              Defendant.               :
                                                       :
------------------------------------------------------------------- x
```

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Plaintiff's counsel has moved this Court, pursuant to Local Rule 101.2 (a), for an order allowing him to withdraw as attorney for Plaintiff Kristin Douglas. Plaintiff's reasons for seeking such an Order are set forth as follows:

Plaintiff and her counsel entered into a written engagement agreement delineating her duties and responsibilities. The engagement agreement provided that:

**CLIENT DUTIES**

Client agrees to be truthful with the Attorney, to cooperate, to keep the Attorney informed of developments, to abide by this Agreement, to pay Attorney's bills for costs (if any) on time, and to keep the Attorney informed of the Client's current address, telephone number, and whereabouts. Client agrees to appear, if the Attorney so requests, for all meetings and hearings, including but not limited to all depositions and court appearances, and generally to cooperate fully with the Attorney in all matters related to the preparation and presentation of Client's claim. The Client understands that her failure to comply with any of the terms and conditions of this Agreement may be detrimental to the outcome of the Matter and grounds for Attorney unilaterally to cancel this Agreement without notice to the Client.

1

**WITHDRAWAL OF ATTORNEY**:

> Client understands and expressly agrees that Attorney may withdraw from representation of Client at any time if Client fails to honor the fee arrangement therein set forth, including, but not limited to, payment of fees and expenses on a timely basis; fails to cooperate in the preparation of the case; fails to make a full and complete disclosure of the facts and circumstances relating to the case; or otherwise takes any action that impedes the ability of Attorney to provide adequate and ethical representation. If the Client replaces the Attorney, the Attorney shall be paid any fees earned and expenses incurred to the point of such withdrawal or severance.

Briefly, and in the most circumscribed manner of relating this matter to the Court, Plaintiff and her counsel have reached an impasse in her case such that counsel believes he can no longer represent Plaintiff effectively. Despite counsel's repeated urging—and considering the time-sensitive nature of certain matters—Plaintiff has been unresponsive to and unreachable by counsel at critical points. Counsel has been unable to secure Plaintiff's cooperation during discovery, including obtaining her consent to certain disclosures needed to prosecute her case. Moreover, Plaintiff has closed off communication with counsel such that she no longer listens to or considers counsel's advice. Additionally, the Plaintiff seems unsure of the result she seeks in this case despite counsel's repeated explanations concerning the scope and limitations of civil litigation remedies.

Finally, Counsel believes that Plaintiff will not be prejudiced, from a timing perspective, by counsel's withdrawal. Discovery remains open, and both parties have propounded discovery requests and have received responses. Neither a pretrial conference date nor a trial date has been set. On March 2, 2023, in anticipation of the filing of the within Motion, Plaintiff filed a consent motion to extend the remaining scheduling order deadlines. That consent motion awaits Court action.

On February 27, 2023, more than seven days before this motion, I emailed Plaintiff a letter in compliance with Local Rule 101.2 (a) of my intention to withdraw as her counsel. As required,

my notice letter advised Plaintiff to either (i) have new counsel enter an appearance in the case; or (ii) advise the Clerk of the Court that Plaintiff will be proceeding without counsel. I have attached my certification of compliance as Exhibit A hereto.

　　　　**WHEREFORE,** Plaintiff's counsel respectfully requests that this Court enter an order allowing him to withdraw as counsel of record.

　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　/s/  Alexander J. Coffin_____
　　　　　　　　　　　　Alexander J. Coffin (Bar No. 21680)
　　　　　　　　　　　　Law Office of Alex Coffin, LLC
　　　　　　　　　　　　13862 Kimberly Drive
　　　　　　　　　　　　Largo, FL  33774
　　　　　　　　　　　　Phone: 410-216-3339
　　　　　　　　　　　　Email: alex.COFFINLAW@gmail.com

　　　　　　　　　　　　Attorney for the Plaintiff Kristin Douglas

March 8, 2023

**EXHIBIT A**

**ATTORNEY'S CERTIFICATE PURSUANT TO LOCAL RULE 101.2(a)**

I hereby certify that on February 27, 2023, which date is at least seven (7) days (including allowance for weekend days, and holidays) before the date hereof, I sent by email, a notice to Plaintiff Kristin Douglas, advising her of my intention to withdraw as his counsel in the captioned case, and further advising her to either (i) have new counsel enter an appearance in the case; or (ii) advise the Clerk of the Court that Plaintiff will be proceeding without counsel.

Respectfully submitted,


/s/  Alexander J. Coffin
Alexander J. Coffin (Bar No. 21680)
Law Office of Alex Coffin, LLC
13862 Kimberly Drive
Largo, FL 33774
Phone: 410-216-3339
Email: alex.COFFINLAW@gmail.com

Attorney for the Plaintiff Kristin Douglas

March 8, 2023